[Cite as *State v. Roth*, 2014-Ohio-4273.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
|     Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. CT2013-0040 |
| JOSEPH ROTH | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Muskingum County Court
of Common Pleas, Case No. CR2013-0012


JUDGMENT:                       Affirmed


DATE OF JUDGMENT ENTRY:      September 25, 2014


APPEARANCES:


For Plaintiff-Appellee               For Defendant-Appellant


RON WELCH                       ERIN ALLEN
Assistant Prosecuting Attorney      The Law Offices of Eric J. Allen, LTD
27 North Fifth Street              713 South Front
Zanesville, Ohio 43701           Columbus, Ohio 43206

*Hoffman, P.J.*

{¶1} Defendant-appellant Joseph Roth appeals his conviction entered by the Muskingum County Court of Common Pleas for aggravated robbery and theft. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2} On January 10, 2013, Officer Scott Caldwell of the Dresden Police Department, while patrolling a location known for illegal drug activity, observed a car drive through the area slowly and stop near the suspect location. Officer Caldwell returned to the area five minutes later, and observed a group of people in the middle of the street. He then witnessed a bloody, black male run away from the others. The black male was later identified as Jeff Body, the victim in this case. Officer Caldwell notified the Muskingum County Sheriff's Office, requesting assistance.

{¶3} Jeff Body testified at trial herein, he went to Amy Johnson's house in the early morning hours of January 10, 2013, after she contacted him numerous times about coming to her home. Shortly after his arrival, Body heard a loud noise and four men with masks burst into the bedroom. Body tried to run, but at least one of the men with masks had a gun. Body was beaten inside the residence, and again as he exited the residence. He testified the beating only stopped once the police arrived. Body testified his wallet and vehicle were stolen during the altercation.

{¶4} In the early morning hours of January 10, 2013, Deputy Ryan Williams of the Muskingum County Sheriff's Office arrested Appellant in the victim's car a short distance from the scene. Deputy Williams observed two masks and a pair of gloves in

the car.  The victim testified the mask and gloves did not belong to him, and were not in the car when he was driving.

{¶5}  Amy Johnson testified she had been in contact with Adam Poulton, and Poulton had discussed robbing Body on several occasions. Johnson identified all three men involved in the robbery, including Appellant. She explained Adam Poulton beat Body, and Appellant demanded she give him the "F-ing keys."

{¶6}  Chad Bocook, another defendant, testified he was with Appellant during the planning stages earlier in the night and throughout the commission of the offense. He testified he rode in the car with Appellant to Johnson's house.  He indicated Adam Poulton had a .40 caliber Smith and Wesson to be used as Poulton and Appellant robbed the victim.  He further testified Appellant stole the victim's car.

{¶7}  Following a jury trial, Appellant was convicted of aggravated robbery, a felony of the first degree, in violation of R.C. 2911.01(A)(1); theft, a felony of the fourth degree, in violation of R.C. 2913.02(A)(1); and theft, a felony of the fifth degree, in violation of R.C. 2913.02(A)(1).  At sentencing, the trial court merged the aggravated robbery and fifth degree theft charges, sentencing on the aggravated robbery count. Appellant was sentenced to an aggregate prison term of eight years.

{¶8}  Appellant appeals, assigning as error:

{¶9}  "I. THE STATE FAILED TO OFFER SUFFICIENT EVIDENCE TO CONVICT THE APPELLANT OF AGGRAVATED ROBBERY, THE GUN SPECIFICATION, FELONIOUS ASSAULT AND THE THEFT CHARGES THUS VIOLATING APPELLANT'S RIGHT TO DUE PROCESS PURSUANT TO THE FIFTH

AMENDMENT TO THE FEDERAL CONSTITUTION MADE APPLICABLE TO THE STATES BY THE FOURTEENTH.

{¶10} "II. THE JUDGMENT OF CONVICTION FOR FELONIOUS ASSAULT, AGGRAVATED ROBBERY WITH A GUN SPECIFICATION, AND THEFTS IS AGAINST THE WEIGHT OF THE EVIDENCE."

I. and II.

{¶11} Appellant's assigned errors raise common and interrelated issues; therefore, we will address the arguments together.

{¶12} Appellant maintains his convictions are against the manifest weight and sufficiency of the evidence. We disagree.

{¶13} When reviewing the sufficiency of the evidence, our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997) (stating that "sufficiency is a test of adequacy"); *State v. Jenks,* 61 Ohio St.3d 259, 274, 574 N.E.2d 492 (1991). The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Jenks,* 61 Ohio St.3d at 273, 574 N.E.2d 492. Furthermore, a reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." *Thompkins,* 78 Ohio St.3d at 390, 678 N.E.2d 541 (Cook, J., concurring).

**{¶14}** Thus, when reviewing a sufficiency-of-the-evidence claim, an appellate court must construe the evidence in a light most favorable to the prosecution. *State v. Hill,* 75 Ohio St.3d 195, 205, 661 N.E.2d 1068 (1996); *State v. Grant,* 67 Ohio St.3d 465, 477, 620 N.E.2d 50 (1993). A reviewing court will not overturn a conviction on a sufficiency-of-the-evidence claim unless reasonable minds could not reach the conclusion that the trier of fact did. *State v. Tibbetts,* 92 Ohio St.3d 146, 162, 749 N.E.2d 226 (2001); *State v. Treesh,* 90 Ohio St.3d 460, 484, 739 N.E.2d 749 (2001).

**{¶15}** When an appellate court considers a claim a conviction is against the manifest weight of the evidence, the court must dutifully examine the entire record, weigh the evidence, and consider witness credibility. A reviewing court must bear in mind, however, that credibility generally is an issue for the trier of fact to resolve. *E.g., State v. Issa,* 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001); *State v. DeHass,* 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212 (1967), paragraph one of the syllabus. Once the reviewing court finishes its examination, the court may reverse the conviction only if it appears that the fact-finder, when resolving the conflicts in evidence, "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Thompkins,* 78 Ohio St.3d at 387, 678 N.E.2d 541, quoting *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

**{¶16}** If the prosecution presented substantial evidence upon which the trier of fact reasonably could conclude, beyond a reasonable doubt, the essential elements of the offense had been established, the judgment of conviction is not against the manifest weight of the evidence. *State v. Eley,* 56 Ohio St.2d 169, 383 N.E.2d 132 (1978), syllabus. Generally, a reviewing court should find a conviction against the manifest

weight of the evidence only in the "exceptional case in which the evidence weighs heavily against the conviction." *Thompkins,* 78 Ohio St.3d at 387, 678 N.E.2d 541, quoting *Martin,* 20 Ohio App.3d at 175, 485 N.E.2d 717; *accord State v. Lindsey,* 87 Ohio St.3d 479, 483, 721 N.E.2d 995 (2000).

**{¶17}** Appellant was convicted of aggravated robbery, in violation of R.C. 2911.01(A)(1),

**{¶18}** "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:

**{¶19}** "(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it;"

**{¶20}** Appellant was convicted of theft, in violation of R.C. 2913.02, which reads,

**{¶21}** "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

**{¶22}** "(1) Without the consent of the owner or person authorized to give consent;"

**{¶23}** R.C. § 2923.03 defines complicity as,

**{¶24}** "(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

**{¶25}** "(1) Solicit or procure another to commit the offense;

**{¶26}** "(2) Aid or abet another in committing the offense;

{¶27} "(3) Conspire with another to commit the offense in violation of section 2923.01 of the Revised Code;

{¶28} "(4) Cause an innocent or irresponsible person to commit the offense.

{¶29} "***

{¶30} "(F) Whoever violates this section is guilty of complicity in the commission of an offense, and *shall be prosecuted and punished as if he were a principal offender*. A charge of complicity may be stated in terms of this section, or in terms of the principal offense." (Emphasis added.)

{¶31} At trial, the trial court instructed the jury as to complicity pursuant to the statute:

{¶32} "Complicity.  No person acting with the kind of culpability required for the commission of an offense shall do any of the following:  Aid or abet another in committing the offense.  Whoever violates this section is guilty of complicity in the commission of an offense and shall be prosecuted and punished as if he were a principal offender.

{¶33} "Aided or abetted means supported, assisted, encouraged, cooperated with, advised or incited.

{¶34} "You have heard the testimony from Amy Johnson and Chad Bocook who pleaded guilty to the same crimes charged in this case and both are said to be accomplices.  An accomplice is one who purpose Lee [sic] knowingly assists or joins another in the commission of a crime.  Whether Amy Johnson and Chad Bocook were both an accomplice and the wait [sic] to give his or her testimony are matters for you to determine from all the facts and circumstances in evidence.

{¶35} "The testimony of an accomplice does not become inadmissible because of his or her complicity, moral turpitude, or self-interest, but the admitted or claimed complicity of a witness may affect his or her credibility and make his or her testimony subject to grave suspicion and require that it be weighed with great caution.

{¶36} "It is for you, as jurors, in the light of all of the facts presented to you from the witness stand to evaluate such testimony and to determine its quality and worth or its lack of quality and worth."

{¶37} The victim testified he was beaten inside and outside the residence, and his car and wallet were stolen. In addition, the corroborating testimony of Amy Johnson and Chad Bocook, both codefendants of Appellant, testified as to the planning and commission of the offense, including the indication of a firearm during the offense.

{¶38} Upon review of the evidence, including the testimony of the accomplices, we find, Appellant's convictions are not against the manifest weight nor the sufficiency of the evidence, as Appellant acted in complicity and aided and abetted the commission of the offenses. Both assignments of error are overruled.

**{¶39}** Appellant's convictions entered by the Muskingum County Court of Common Pleas, Criminal Division, are affirmed.

By: Hoffman, P.J.

Delaney, J.  and

Baldwin, J. concur